(February 16, 1905.)

## STANDLEY v. FLINT.

[79 Pac. 815.]

ISSUES—FINDINGS OF FACT.

1. Where the court omits to find on all of the material issues, the judgment must be reversed.

(Syllabus by the court.)

APPEAL from the District Court of Bannock County. Honorable Alfred Budge, Judge.

Action to set aside certain conveyances. Judgment for plaintiff. Reversed.

Thomas Maloney, for Appellant.

It will be seen on inspection of the pleadings in this record that the trial court wholly failed to make findings of fact on all the issues raised in the pleadings. The universal rule is that there must be a finding on every material issue raised in the pleadings. Each fact averred should be directly and distinctly found. (*Pratalongo v. Larco,* 47 Cal. 378; *Coglan v. Beard,* 65 Cal. 58-62, 2 Pac. 737; *Coveny v. Hale,* 49 Cal. 552; *Walker v. Brem,* 67 Cal. 600, 8 Pac. 320.) A judgment will be reversed for defective or improper findings. (*Gould v. Stafford,* 77 Cal. 66, 18 Pac. 879.) Failure to find on affirmative defenses on which evidence has been submitted is cause for reversal. (*Christy v. Water Works,* 84 Cal. 541, 24 Pac. 307.) If the court omits to find on a material issue, the judgment cannot be supported. (*Traverso v. Tate,* 82 Cal. 170, 22 Pac. 1082; *Smith v. Mohn,* 87 Cal. 489, 25 Pac. 696; *Wilson v. Wilson,* 6 Idaho, 597, 57 Pac. 708; *Broadbent v. Brumback,* 2 Idaho, 366, 16 Pac. 555; *Bowman v. Ayers,* 2 Idaho (282), 305, 13 Pac. 346.)

S. C. Winters, for Respondent, cites no authorities on the point decided.

SULLIVAN, J.—This action was brought for the purpose of setting aside a certain deed and bills of sale executed by the

respondent to the appellant, Mrs. Ruth Flint. It is alleged by the respondent that said conveyances and bills of sale were given by him to said appellant, with the agreement and understanding that said appellant was to pay certain debts of respondent, which debts were set forth in an exhibit attached to the complaint; that appellant had failed and refused to pay said debts or any part thereof, and a cancellation of said conveyances was prayed for, and also the appointment of a receiver and for an accounting from said appellant for all property so intrusted to her and the profits arising therefrom. The action was tried by the court without a jury and certain findings of fact, conclusions of law and what is denominated in the record a judgment, was entered in favor of the respondent. Among others, the following facts appear from the record: That on or about the twenty-first day of November, 1901, the respondent was the owner in the possession of several town lots situated in the city of Pocatello, with improvements thereon, and was also the owner and in the possession of a stock of plumbing goods, and was conducting a plumbing business, and also was the owner of and conducting a laundry business. The said respondent was the son in law of said appellant, and, being in debt about $1,200 to divers parties, which debts were unsecured, it is alleged that he turned said town lots and plumbing goods and business and laundry and said laundry business, by conveyance and bills of sale, over to the appellant for the purpose aforesaid. The appellant by her answer denied the allegation of the complaint that said real estate, plumbing and laundry business was turned over to her as alleged in the complaint, and averred that she had bought the same outright. The first finding of fact made by the court is to the effect that respondent was the owner and in the possession of the town lots above referred to. And the second finding is to the effect that he was the owner and in possession of the stock of plumbing goods mentioned in the complaint; and the third finding is as follows:

"That on or about said date the plaintiff and his wife, Josephine Standley, made, executed and delivered to the defendant, Ruth Flint, the deed attached to the complaint and bill of sale for said stock of plumbing goods as attached to the

complaint. That there was no consideration passed between plaintiff and defendant (and that said transfer was made for the sole purpose of hindering, delaying and defrauding the creditors of the plaintiff, James A. Standley, and that the defendant, Flint, was a party thereto), and that at that time the plaintiff was indebted to numerous creditors in about $1,200 over and above the mortgages of record on the said real estate, and that the said indebtedness still exists."

The fourth finding is that the whole of said property is now in the hands of a receiver appointed by the court. The fifth finding is that the defendants were husband and wife and the parents of the wife of the plaintiff, and that said property was transferred to them on account of such fiduciary relation, and the conclusion of law drawn from said facts is that the whole of said property should be sold by said receiver at public auction, and the proceeds of the sale applied, under the order of the court, to the payment of the debts and liabilities of the respondent in order of priority of liens, and the unsecured debts to be paid pro rata, and that after all said liabilities are paid, the balance remaining, if any, shall be held by the receiver until the further order of the court. Excluding the formal part of the judgment, it is as follows:

"It is ordered, adjudged and decreed, that the receiver heretofore appointed by this court in said action, after due and legal notice as required by law and the rules of this court, sell all the property mentioned in the complaint of the plaintiff, or so much thereof as is now in his possession, at public auction in the manner as property is sold under execution, and make his return thereof to this court for approval; and that after approval of the said sale by this court or the judge thereof, the said receiver pay out of the proceeds of such sale the valid mortgage liens now on said real estate and that out of the residue of said proceeds pay pro rata the other debts and liabilities of the plaintiff existing at the time the said transfers were made, to wit, November 1, 1901; but that the said receiver first pay the expenses of such sale, the expenses of the receiver and his commissions.

"That before any of the expenses or commissions as aforesaid, or any of the indebtedness as aforesaid shall be paid by the said receiver, whether liens or otherwise, the same must be first approved by this court or the judge thereof upon the application of the receiver.

"That the said receiver make out and file with this court a list of all of the indebtedness of the said plaintiff on the first day of November, 1901, and state which are liens with due and legal proof thereof· and that which is unsecured, and the date of the creation of said indebtedness that the same may be allowed or disapproved by this court or the judge thereof.

"That after the payment of all of the said indebtedness and expenses above mentioned, the remainder of the proceeds of such sale, if any, shall remain in the hands of the receiver until the further order of this court.

"It is further ordered that costs of this action be paid out of the proceeds of the sale of the property in the hands of the receiver.

"Done this seventh day of July, 1903."

The brief of appellants fails to comply with paragraph 1 of rule 6 of this court, in that it does not contain a distinct enumeration of the several errors relied on. The requirements of that rule should be carefully followed by counsel for appellants in preparing briefs. In the brief before us, however, counsel has discussed several points, and one is that the general demurrer to the complaint should have been sustained for the reason that there was no equity in the complaint. There is nothing in that contention. The complaint states a cause of action. The next contention is that the findings are not ·responsive to the issues. The material issue as presented by the pleadings is whether the transfer of said real estate and personal property was made for the purpose alleged in the complaint, to wit, securing the appellants in the payment of the debts due and owing by the respondent to divers creditors which it is alleged the appellants agreed to pay. The appellants deny those allegations of the complaint and aver that they had made an actual and *bona fide* purchase of all of said property and paid

the full consideration agreed to be paid therefor. Upon those issues the court made no findings. It did find, however, that said property was transferred without consideration, and for the sole purpose of hindering, delaying and defrauding the creditors of the respondent, and that the appellants were parties thereto.

Counsel for appellants and respondent both take issue with that finding and contend that there was no fraud alleged and no fraud proven on the trial of the case. While we think there were earmarks of fraud cropping out here and there in the testimony, we do not think the finding of fraud by the court was justified from any issue made by the pleadings or proof offered on the trial. The judgment entered and above quoted is not such a one in substance or form as this court can approve, and that in connection with the failure to find on some of the material issues demands the reversal of the judgment and the remanding of the case to the trial court for further proceedings in accordance with this decision. The trial court may in its discretion permit either party to introduce any pertinent evidence not introduced on the former trial, or in case neither party offers any new evidence the court may make findings of fact and conclusions of law and enter judgment on the evidence introduced on the former trial.

The judgment is reversed and the cause remanded. Costs are awarded to appellants.

Stockslager, C. J., and Ailshie, J., concur.