(March 12, 1906.)

A. E. WOOD, Appellant, *v.* CLAUS F. BRODERSON, Respondent.

[85 Pac. 490.]

BROKER'S COMMISSION FOR SALE OF REAL ESTATE—FINDINGS OF FACTS—INSUFFICIENCY OF EVIDENCE—CONFLICT IN EVIDENCE—PROCURING PURCHASER.

1. Where the court fails to find on all the material issues made by the pleadings, the judgment will be reversed unless a finding upon such issues would not affect the judgment entered.

2. The following finding held insufficient to support a judgment, to wit: "That all the issues of fact raised by the pleadings in this case are hereby found and decided in favor of the defendant and against plaintiff."

3. The issues made by the pleadings held sufficient to require a finding upon the rate of commission to be paid.

4. Where a party employs a real estate broker to sell a piece of real property at a stipulated price, and the broker procures a purchaser, who purchases the property at that price, the broker is entitled to his commission therefor.

5. *Held,* in this case that there is not a substantial conflict in the evidence such as to bring it within the rule that where there is a substantial conflict in the evidence, the findings of the court will not be disturbed.

(Syllabus by the court.)

APPEAL from District Court of the Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action to recover commission for sale of real estate. Judgment for the defendant. *Reversed.*

Richards & Haga, for Appellant.

Where the court fails to find on all the material issues, the judgment must be reversed. (*Stanley v. Flint*, 10 Idaho, 629, 79 Pac. 815; *Carson v. Thews*, 2 Idaho, 176, 9 Pac. 605; *Bowman v. Ayers*, 2 Idaho, 305, 13 Pac. 346; *Armacaust v. Lindley*, 116 Ind. 295, 19 N. E. 138; *Haight v. Tyron*, 112 Cal. 4, 44 Pac. 318.)

A finding "that all the issues of fact raised by the pleadings are hereby found and decided in favor of the defendant and against the plaintiff" is wholly insufficient and will not support the judgment. (*Johnson v. Squires*, 53 Cal. 37; *Harlan v. Ely*, 55 Cal. 340; *Krug v. Lux Brewing Co.*, 129 Cal. 322, 61 Pac. 1125; *Ladd v. Tully*, 51 Cal. 277; *Polhemus v. Carpenter*, 42 Cal. 375.)

It is immaterial whether the issues arise upon allegations in the complaint, and denials in the answer, or upon an affirmative defense pleaded in the answer and treated as denied by the plaintiff. (Spelling on Appellate Practice, sec. 591; *Swift v. Canavan*, 52 Cal. 417; *Billings v. Everett*, 52 Cal. 661, 663; *Byrnes v. Claffey*, 54 Cal. 155; *Cassidy v. Cassidy*, 63 Cal. 353.)

It is sufficient to entitle real estate agents to their commission if a sale is effected through their agency, as its procuring cause, although the sale may be made by the owner of the property, if by their exertion the purchaser and owner are brought together, and the sale results therefrom. (*Matlatt v. Elliott*, 69 Kan. 477, 77 Pac. 104; *Norris v. Byrne*, 38 Wash. 592, 80 Pac. 808; *Smith v. Anderson*, 2 Idaho, 537, 21 Pac. 412.)

Where the price or other terms of sale are fixed by the seller, in accordance with which the broker undertakes to produce a purchaser, yet if, upon procurement of the broker, a purchaser comes with whom the seller negotiates, and thereupon voluntarily reduces the price of the thing to be sold, or the quantity, or otherwise changes the terms of sale as proposed to the broker, so that the sale is consummated, or terms or conditions offered which the party proposing to buy is

ready and agrees to accept, then, and in either such case, the broker will be entitled to his commission. (*Stewart v. Mather,* 32 Wis. 344, 349; *Lincoln v. McClatchie,* 36 Conn. 136; *Potvin v. Curran,* 13 Neb. 302, 14 N. W. 400; *Woods & Piers v. Stephens,* 46 Mo. 555; *Schlegal v. Allerton,* 65 Conn. 260, 32 Atl. 363; *Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496; Warvelle on Vendors, sec. 230, and cases there cited; *Adams v. Decker,* 34 Ill. App. 17; *Levy v. Coogan,* 16 Daly, 137; *Wilson v. Sturgis,* 71 Cal. 226, 16 Pac. 722; *Jones v. Henry,* 15 Misc. Rep. 151, 152, 36 N. Y. Supp. 483; *Wood v. Wells,* 103 Mich. 320, 61 N. W. 503; *Wetzell v. Wagoner,* 41 Mo. App. 509, 516; *Ward v. Cobb,* 148 Mass. 518, 12 Am. St. Rep. 587, 20 N. E. 174.)

If a purchaser is found after the time limit fixed, and the principal, without objection, then deals with the purchaser so found, he waives the delay. (Mechem on Agency, p. 797; 23 Am. & Eng. Ency. of Law, 903.)

It is not necessary, in order for a real estate broker to recover his commission, that he should personally have conducted the negotiations between the seller and the purchaser, or that he should have been present when the bargain was completed; it is sufficient, to entitle him to his commission, that his efforts were the procuring cause of the sale and that through his agency the purchaser was brought into communication with the seller and that a sale resulted therefrom. (*Hafner v. Herron,* 165 Ill. 242, 46 N. E. 211; Mechem on Agency, sec. 966; *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104; *Smith v. Anderson,* 2 Idaho, 537, 21 Pac. 412; *Finnerty v. Fritz,* 5 Colo. 174; *Buckinham v. Harris,* 10 Colo. 455, 15 Pac. 817; *Nolan v. Swift,* 111 Mich. 56, 69 N. W. 96; *Griswold v. Pierce,* 86 Ill. App. 406; *Goffe v. Gibson,* 18 Mo. App. 1; *Hambleton v. Fort,* 58 Neb. 282, 78 N. W. 498.)

In the absence of an agreement respecting the amount of compensation, or anything to show that the services were merely gratuitous, the law implies a reasonable amount, a *quantum meruit.* (*Baer v. Roech,* 21 N. Y. Supp. 974, 51 N. Y. St. Rep. 427.)

Whenever a sale is effected through the efforts of a broker, or through information derived from him, so that he mav be said to be the procuring cause of it, his services are regarded as highly meritorious and beneficial, and the law leans to that construction which will best secure the payment of its commission rather than to the contrary. (*Stewart v. Mather,* 32 Wis. 344, 350.)

T. D. Cahalan, for Respondent.

There is a great conflict of evidence in this case. The appellate court will not disturb a judgment or verdict, or order denying a new trial where there is a substantial conflict in the testimony, and no rule of law appears to have been violated. (*Sharon v. Sharon,* 79 Cal. 633, 23 Pac. 26, 131; *Mootry v. Hawley,* 1 Idaho, 543; *Pine v. Callahan,* 8 Idaho, 684, 71 Pac. 743; *State v. Rathbone,* 8 Idaho, 161, 67 Pac. 186; *Spaulding v. Coeur d'Alene R. Co.,* 5 Idaho, 539, 51 Pac. 408; *Commercial Bank v. Lieuallen,* 5 Idaho, 47, 46 Pac. 1020; *Huston v. Twin etc. R. R. Co.,* 45 Cal. 552.)

When a jury has been waived by the parties, and the court finds the facts, the facts so found have the same legal effect as if found by a jury, and not being the subject of review in this court are therefore conclusive. (*Swayne v. Waldo,* 73 Iowa, 749, 5 Am. St. Rep. 712, 33 N. W. 78; *Wheeler v. Hays,* 3 Cal. 286; *Handlan v. McManus,* 100 Mo. 124, 18 Am. St. Rep. 534, 13 S. W. 207; *Smith v. Anderson,* 2 Idaho, 537, 21 Pac. 512.)

An examination of the evidence shows not only a "substantial," but an apparently irreconcilable conflict, and where there is a substantial conflict in the evidence, a finding of fact by the court, based thereon, will not be disturbed. (*O'Connor v. Langdon,* 2 Idaho, 805, 26 Pac. 659; *Spaulding v. Coeur d'Alene Ry. Co.,* 5 Idaho, 539, 51 Pac. 508; *Ainslie v. Printing Co.,* 1 Idaho, 643; *Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360; *Sears v. Flodstrom,* 5 Idaho, 314, 49 Pac. 12; *Tage v. Alberts,* 2 Idaho, 251, 13 Pac. 19.)

A general finding that all the allegations of the answer are true, and that all the allegations of the complaint are untrue, is sufficient if the pleadings are sufficient. (*Williams v. Hall,* 79 Cal. 607, 21 Pac. 965; *County of San Diego v. Seifert,* 97 Cal. 597, 32 Pac. 644; *Carey v. Brown,* 58 Cal. 184; *Bravelli v. Bianchi,* 136 Cal. 613, 69 Pac. 416.)

Where the finding made is conclusive against the right of the plaintiff to recover, findings upon other issues are unnecessary to support the judgment against him. (*Dyer v. Brogan,* 70 Cal. 139, 11 Pac. 589; *Murphy v. Bennett,* 68 Cal. 529, 9 Pac. 738; *Dedmon v. Moffit,* 89 Cal. 213, 26 Pac. 800; *Southern Pac. R. R. v. Dufour,* 95 Cal. 619, 30 Pac. 783, 19 L. R. A. 92; *Lion v. McClory,* 106 Cal. 627, 40 Pac. 12; *Adams v. Crawford,* 116 Cal. 599, 48 Pac. 488; *Breeze v. Brooks,* 97 Cal. 77, 31 Pac. 742, 22 L. R. A. 256; *Dimond v. Sanderson,* 103 Cal. 97, 37 Pac. 189.)

Lawful conclusions on disputed questions of fact cannot be interfered with on appeal. (*Wilson v. Trenton,* 61 N. J. L. 599, 68 Am. St. Rep. 716, 40 Atl. 575, 44 L. R. A. 540.)

If there is evidence to support findings, its weight is within the province of the trial court, and its determination cannot be disturbed on appeal. (*Singleton v. Hill,* 91 Wis. 51, 51 Am. St. Rep. 868, 64 N. W. 588; *Dilman v. Carlin,* 105 Wis. 14, 76 Am. St. Rep. 903, 80 N. W. 932, 46 L. R. A. 478; *Wilson v. Commercial Assur. Co.,* 51 S. C. 540, 64 Am. St. Rep. 706, 29 S. E. 245; *Strickley v. Hill,* 22 Utah, 257, 83 Am. St. Rep. 791, 62 Pac. 893.)

The evidence must show that the plaintiff brought the minds of the buyer and seller of the orchard to an agreement for a sale. (*Zeimer v. Antisell,* 75 Cal. 510, 17 Pac. 642; *Babcock v. Merritt,* 1 Colo. App. 84, 27 Pac. 884; *Wilson v. Mason,* 158 Ill. 304, 49 Am. St. Rep. 163, 42 N. E. 134.)

The very essence of a brokerage commission is that it is dependent upon success, and that it is in no way dependent upon or affected by the amount of work done by the broker. (*Cadigan v. Crabtree,* 179 Mass. 474, 83 Am. St. Rep. 397, 61 N. E. 37, 55 L. R. A. 77.)

SULLIVAN, J.—This action was brought to recover a commission of $700 for services rendered in selling for the plaintiff forty acres of land, situated near the town of Payette, Canyon county, for the sum of $14,000. The complaint sets out two causes of action: one on contract, and the other on *quantum meruit.* It is alleged, among other things, in the first cause of action, that the plaintiff was a real estate agent, and on or about the 1st of January, 1903, defendant employed him to sell a certain forty-acre tract of land situated near the town of Payette, and promised to pay the plaintiff for services rendered in securing a buyer for the same a commission of five per cent on the purchase price thereof; that plaintiff, after being so employed, expended a considerable sum of money in advertising said real estate and in taking persons out to view the same, and that through such services and efforts a sale of said premises was made on or about the 5th of October, 1903; that thereupon defendant became indebted to the plaintiff in the sum of $700. And as a second cause of action the plaintiff alleges that while engaged as a real estate agent and broker, the plaintiff performed services for the defendant at defendant's instance and request in effecting a sale for defendant of a certain forty-acre tract of land belonging to the defendant and situated near the town of Payette; that plaintiff expended considerable sums of money in advertising said land for sale and taking persons out to inspect the same, and that through his services and efforts a sale of said premises was made on the fifth day of October, 1903, for the sum of $14,000; that plaintiff's services were reasonably worth $700, which at the time of the sale defendant undertook and promised to pay, but no part thereof has been paid, although payment of the same has been demanded by the plaintiff.

The prayer is for $700 damages, with interest and costs.

The defendant, by his answer, specifically denies the allegations of the complaint, and in his second defense sets up a contract entered into on or about the tenth day of April, whereby plaintiff was to receive two and one-half per cent commission for the sale of the lands in question and adjoining land at $250

per acre, and avers that no sale was made thereunder. Defendant then sets up a second contract entered into about the fifteenth day of September, 1903, whereby the plaintiff was to sell the forty-acre tract that was subsequently sold for $14,-000, at a commission of two and one-half per cent, but alleges that the defendant withdrew the land from sale on the 29th of September, informing the plaintiff at that time that the land was no longer for sale. Both of said contracts were oral. Judgment was entered for the defendant, and a motion for a new trial was overruled. This appeal is from the judgment and said order.

The failure of the court to find upon all the issues raised in the pleadings is assigned as error, as well as the insufficiency of the evidence to justify the findings and decision of the court. As to the first assigned error: It is clear that the court failed to find upon all of the material issues raised by the pleadings. The issue of the employment of appellant to sell the real estate described in the complaint is found in favor of appellant, but fails to find the amount or per cent of commission to be paid for such services. It is alleged in the first cause of action that respondent agreed to pay five per cent on the purchase price of said land as commission, while respondent averred in his answer and testified on the trial that it was two and one-half per cent, and the court failed to find upon that issue.

It was alleged in the complaint that the appellant expended considerable money in advertising said real estate for sale, and in taking persons out to view it for the purpose of buying. Those allegations were denied by the answer, and the court failed to make a finding thereon. The respondent averred in his answer that the first contract with appellant was to terminate on July 1, 1903, and the court failed to find on that issue. As an affirmative defense the respondent averred a contract entered into with appellant on the 15th of Sptember, 1903, for the sale of said land, and avers that said contract was to continue for one week only. This defense is significant, and, as I view it, has an important bearing on this case, as it is averred that said land was listed with appellant for sale at

$14,000, the very price that respondent sold the land for on the 5th of October, 1903, to a purchaser introduced to him by appellant. But it is contended by counsel for respondent that appellant did not *"introduce"* the purchaser to respondent. In such transactions as this the formal introduction required in polite society is not absolutely necessary. It is sufficient if the appellant procured the purchaser. The court failed to find on this affirmative defense, although it was a clear-cut issue and considerable testimony received thereon. As late as September 29th, only seven days before the sale, respondent avers in his answer that he asked appellant if he had yet found a purchaser for said land, when, according to the averment in his answer, the contract, which was to continue for a week only, had expired on September 22d. Why ask that question on that date if the contract had been terminated seven days before? An issue was made as to the amount of commission to be paid in case of a sale, and also as to whether the respondent withdrew from sale the land in question on September 29th, and terminated the contract between them, and the court failed to make findings thereon.

The fourth finding is apparently a very sweeping one, and is as follows: "That the plaintiff, under said employment, never sold defendant's said land, nor any part thereof, to any person, nor did the plaintiff ever notify the defendant, or his agent, that he had sold said property, or any part of the same, for any sum at all, or that he had found a purchaser for said land, or any part thereof, at any price or sum, nor did plaintiff ever present a purchaser to the defendant." When analyzed, this finding does not meet the issues. While it is there found that appellant "never sold defendant's land," and did not "notify the defendant or his agent that he had sold said property . . . . or that he had found a purchaser for said land . . . . nor did plaintiff ever present a purchaser to the defendant," as under the issues appellant, to earn his commission, was not required to "sell said land," nor formally "notify" the defendant that he had sold the same or that he had found a purchaser or "presented" a purchaser to re-

spondent. It was sufficient if the appellant found a purchaser, showed him the land, and explained its desirability as a purchase, and was instrumental in making the sale. No formal introduction of the purchaser to the owner was necessary, and no formal notification was required, but the evidence clearly shows that appellant gave respondent the name of purchaser, and he testified that a Mr. Wells, in the employ of appellant, introduced him to respondent. Said finding is equivocal, evasive, and does not squarely meet the issues.

The rule is well established in this state that when the court fails to find on all of the material issues, the judgment will be reversed, unless a finding thereon either for or against the successful party would not affect the judgment entered. (*Tage v. Alberts*, 2 Idaho, 249 (271), 13 Pac. 19; *Standley v. Flint*, 10 Idaho, 629, 79 Pac. 815; *Carson v. Thews*, 2 Idaho, 176, 9 Pac. 605; *Bowman v. Ayers*, 2 Idaho, 305, 13 Pac. 346; *Haight v. Tyron*, 112 Cal. 4, 44 Pac. 318.) This rule applies to all material issues, even though made by affirmative defenses. In 2 Spelling on Appellate Practice, section 591, the author says: "It is immaterial whether the issue arises upon allegations in the complaint and denials in the answer, or upon affirmative defenses pleaded in the answer and treated as denied by the plaintiff."

Reliance is placed upon the sixth finding by counsel for respondent, which finding is as follows: "That all the issues of fact raised by the pleadings in this case are hereby found and decided in favor of defendant and against the plaintiff." That finding at once suggests an inquiry as to what issues are raised by the pleadings, and that in many cases is of no little difficulty to determine. Take the case at bar: the court below may have concluded that the affirmative defense set up in the answer did not present an issue, while this court has concluded that it did do so. Said finding is indefinite and not a sufficient finding. (*Johnson v. Squires*, 53 Cal. 37.)

It is difficult to determine from the finding of facts the exact position of the trial court. But from the record we infer

the court took the view that said land was not sold under the first agreement between the parties, and as stated by the judge, "the plaintiff has failed to establish by a preponderance of the evidence that he ever notified defendant that he had a purchaser for said land under said agreement." The rule does not require a formal notification in such a matter. It is sufficient if plaintiff procured the purchaser. And the judge said: "The evidence discloses a subsequent agreement made in September, 1903, but does not show the rate of compensation, or any agreement in regard to the amount of compensation plaintiff was to receive for his services in selling said property. The evidence shows clearly that the plaintiff performed certain services for defendant, but there is an absolute failure of proof as to the reasonable value of said services." This statement would indicate that the court found for respondent because of an absolute failure to prove the value of the services, which the court conceded the appellant had performed. On the question of compensation, respondent avers in his answer that he stipulated to pay two and one-half per cent commission in case of a sale, and on that admission the appellant was entitled to judgment in case he procured the purchaser.

Witness Brainard testified that on selling a farm like the one described in the complaint, a reasonable commission would be five per cent. This, I think, sufficient to fix the commission to be paid, if appellant procured the purchaser. The answer of respondent admits that the land was listed with appellant for sale in April, 1903, but the parties do not agree as to the time the contract was to continue and the commission to be paid in case of a sale. The respondent contends that the contract was to expire on July 1, 1903, while the appellant contends that in case the orchard tract was not sold until after July 1st, respondent should retain that year's crop, and if sold before that date, the crop was to go with the land.

It also appears that after the first day of July, the respondent called on appellant and urged him to sell said land, and that he continued to advertise the same and show it to pros-

pective purchasers. While the respondent testified that said contract was to terminate on July 1st, the circumstance of his calling on appellant repeatedly after that date and urging him to sell said land, and when a purchaser procured by appellant went to respondent in September, he did not protest that the land was not for sale, but assisted the appellant in showing the land to the best advantage by furnishing returns from the sale of fruit, and arranged for the purchaser to go through and examine the house on the premises. If the place was not for sale after the 1st of July, it is a little remarkable that when the purchaser called on him on the 15th of September, and talked with him in regard to the purchase of the property, that he did not then and there inform him that the property was not for sale. It further appears from the record that the appellant found a purchaser for said land at $300 per acre, and when he informed the respondent that he had found a purchaser, respondent asked at what price, and the appellant informed him that it was at the price of $300 per acre. He replied that he could not take that for it then, and the appellant replied that "it was a pretty late time then to put up the price." The appellant there informed the respondent that he feared the raise in the price would block the sale; that it would bar the sale. It was at that time respondent informed the appellant that he would take $14,000, or $350 per acre, for said land, and, after appellant had persuaded the purchaser to give that amount, and the purchaser informed the respondent that he would take it at that price, the respondent testified as follows in regard to that transaction: "It kind of surprised me. He told me that he would take it, $14,000 cash, so I told him that I had better see my wife about it; it kind of frightened me; it scared me." It seems from the evidence that the respondent was vacillating and scared and frightened whenever he was offered the price that said land was listed for. The further fact that the respondent testified that the second listing of the property for sale was to continue only for a week from the 15th of September, and thereafter testified that on

the 29th of September he told the appellant that "it is all off," and that in seven days thereafter he sold the land to the purchaser procured by the appellant, for $14,000, on very favorable terms as to deferred payments, would at least go to indicate that he was attempting to evade the payment of a commission to the one who had procured him the purchaser. It is clear from the evidence that the appellant not only furnished a purchaser who was ready, willing, and able to buy, but did buy the land at the listed price. At the time of the sale respondent, for some reason, requested the purchaser not to inform the appellant of the sale, apparently desiring to keep it a secret and keep appellant in ignorance of the sale Considering all the facts of the case and the statement of the respondent that the power to sell was revoked on the 29th of September, yet in the face of that statement, the circumstance that seven days thereafter he proceeds to sell the property to the very person whom the evidence clearly shows was procured by the appellant, is at least very significant. *Smith v. Anderson,* 2 Idaho, 537, 21 Pac. 412, was a case somewhat similar to the case at bar; the court said, after reciting the facts: "Considering these facts, and considering the fact that the defendants stated in their letter of revocation that they did not desire to sell the ranch, yet, in the very teeth of that statement, proceeded to sell, and to the very person to whom the plaintiff had introduced them, it is a fair inference from the testimony that the object of the letter of revocation was an attempt to deprive the plaintiff of his commission."

While there is a conflict in the oral testimony on some points in the case, the circumstances and physical facts surrounding the transaction clearly support the contention of the appellant, and that, in connection with the failure of the court to find upon the material issues, requires a reversal of the judgment, and the granting of a new trial in order that justice may be done. There is not such a conflict in the evidence as would bring this case within the well-established rule on the question of substantial conflict therein.

The judgment is reversed, a new trial granted, and the cause remanded, with costs in favor of appellant.

Stockslager, C. J., concurs in conclusion reached.

Ailshie, J., concurs.