(February.7, 1907.)

## STATE OF IDAHO, Respondent, v. IRA BAIRD et al., Appellants.

### [89 Pac. 298.]

ACTION ON BAIL BOND—CHANGE IN BOND BY ERASURE AND INTERLINEA-
TION—CONSENT OF SURETIES—CONFLICT IN EVIDENCE—MATERIAL
ISSUES—FINDINGS ON—MILEAGE OF WITNESSES RESIDING OUT-
SIDE OF STATE.

1. Where material alterations have been made in a bail bond,
and there is a substantial conflict in the evidence as to whether
the sureties consented to such alterations and changes, the finding
of the trial court upon that issue will not be reversed on appeal.

2. Such alterations made by the authority or with the consent of
the sureties must be accorded the same effect as if made by their
own hands, and such alterations do not avoid the bond.

3. Consent to alterations may be proved by parol evidence.

4. *Held*, that the state sufficiently accounted for the appearance
or alteration of said bail bond, and the court was warranted in
admitting said bail bond in evidence, under the provisions of sec-
tion 6030, Revised Statutes.

5. Under the provisions of section 8108, Revised Statutes, which
provides for the acknowledgment of the sureties on a bail bond
before the court or magistrate, it was not intended to prohibit the
justification of the sureties before a notary public or other officer
authorized to administer oaths. Under these provisions, the magis-
trate may refuse to approve a bond, and ought to do so if he has
any doubt as to the authenticity of the acknowledgment or justica-
tion; but in case he approve the bond so acknowledged, the defend-
ants cannot take advantage of that fact as a defense.

6. Where the court fails to find on all of the material issues made
by the pleadings, the judgment must be reversed, unless a finding
upon such issues would not affect the judgment entered.

7. The party in whose favor a judgment is rendered is entitled to
have costs taxed for mileage of material witnesses actually and
necessarily traveled within the state.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial Dis-
trict for Washington County. Hon. Frank J. Smith, Judge.

Action to recover on bail bond. Judgment in favor of the
state. *Reversed.*

Ralph P. Quarles, L. M. Pritchard and L. L. Burtenshaw, for Appellants.

The undertaking in the bond as originally executed by the three sureties was for the default or miscarriage of another person, Ira Baird, the principal. The undertaking or promise was in writing as required by our statutes of frauds. But, being in writing, its subsequent alterations and changes must also be in writing, to charge the sureties, and subscribed by the parties to be charged. The alterations were material, made the instrument different from what it was, and avoided it entirely as against the appellants. The same rule applies to recognizances as to ordinary contracts. (Bishop's New Criminal Procedure, sec. 264i, subsec. 3; *Smith v. United States,* 2 Wall. 219, 17 L. ed. 788; *Martin v. Thomas,* 24 How. 315, 16 L. ed. 689; *Mulkey v. Long,* 5 Idaho, 213, 47 Pac. 949, and authorities there cited; *State v. Craig,* 58 Iowa, 238, 12 N. W. 301; *Wegner v. State,* 28 Tex. App. 419, 13 S. W. 608; *Smith v. Weld,* 2 Pa. St. 54; *Dover v. Robinson,* 64 Me. 183; *Draper v. Wood,* 112 Mass. 315, 17 Am. Rep. 92; *Rucker v. Howard,* 2 Bibb (Ky.), 168; *Briggs v. Glenn,* 7 Mo. 572; *Long v. Mason,* 84 N. C. 15; *Dewey v. Bradbury,* 1 Tyler, 186; *Dobyns v. Rawley,* 76 Va. 537; *Reese v. United States,* 9 Wall. 13, 19 L. ed. 541; Murfree on Official Bonds, sec. 760; *McCramer v. Thompson,* 21 Iowa, 244; *State v. Paxton,* 65 Neb. 110, 90 N. W. 983; *People v. McReynolds,* 102 Cal. 308, 36 Pac. 590; Bishop's New Criminal Procedure, secs. 1382, 1383; *Bonding Co. v. Blount,* 23 Ky. Law, 1632, 65 S. W. 806.)

The bond on its face showed that it had been changed in material matters after its execution, and other evidence showed it had been done without the consent of one of the sureties, and without the consent of either of them in writing. It showed on its face that it had not only been executed by three sureties, but that it had been verified, after execution by three, and that alterations and erasures had thereafter been made. The evidence explaining was not sufficient. It failed to show that both agreed to it in writing and

failed to show that either of them ever intended or agreed to be bound singly. The bond should not have been admitted. (*State v. McGonigle*, 101 Mo. 353, 20 Am. St. Rep. 609, 13 S. W. 758, 8 L. R. A. 735; *People v. Buster*, 11 Cal. 215; *Spencer v. Houghton*, 68 Cal. 82, 8 Pac. 679; Rev. Stats. 6030.)

The court failed to find upon the question of the rearrest of the defendant, Ira Baird, after the execution of the bond, by the officers of Washington county without the consent of the appellants. This was a material issue in the case, and evidence being introduced to support it on behalf of the appellants, the failure of the court to find upon this issue is reversible error.

The court also failed to find whether the alleged alterations were made or not, and if made, whether the appellants acknowledged the bond after its alteration or not, as required by the Penal Code.

Consider sections 4912, 6035 to 6043, inclusive, and 6139, Revised Statutes, together, and it is palpable that the legislature intended that fees and mileage should only be allowed to witnesses who attend in obedience to a subpoena.

To bring a witness 376 miles and keep him in court two days at a cost of $99, when his evidence does not cover one-fourth of a page, and could have been obtained at a cost of say five dollars, is unnecessarily incurring cost, and should not be permitted. (*Griffiths v. Montandon*, 4 Idaho, 75, 35 Pac. 704; Sess. Laws. 1899, 231, 232; *Mylius v. St. Louis F. S. & W. R. Co.*, 31 Kan. 232, 1 Pac. 619; *Haines v. McLaughlin*, 29 Fed. 70; *Clark v. Linnser*, 1 Bail. (S. C.) 187; *Hopkins v. Waterhouse*, 10 Tenn. (2 Yerg.) 230; *Hereford v. O'Connor*, 5 Ariz. 258, 52 Pac. 471.)

J. J. Guheen, Attorney General, and Edwin Snow, for Respondent.

The real question in issue is, whether the instrument sued on was altered after it went out of the hands of the parties defendant, or whether it was altered in their presence, or by

their consent and with their full knowledge of the changes that were to be made.

The point in controversy is merely a conflict in the evidence. As to the law there can hardly be any question.

"A change made by the authority or with the consent of the party, or in his presence and with his privity, must be accorded the same effect as if made with his own hand; that is, he cannot set it up to avoid liability."

"The assent may be before or after the change is made, and if the change is pursuant to an agreement between the parties, it is immaterial that it was made by one of them after the agreement and in the absence of the other." (2 Cyc. 155, 156, and cases there cited.)

"An alteration made in the presence and with the consent of the party thereto will be held in law as his own act." (*Evans v. Foreman,* 60 Mo. 449, citing *Miller v. Gilleland,* 19 Pa. St. 119; *Neff v. Horner,* 63 Pa. St. 327, 3 Am. Rep. 555; *Tierman v. Fenimore,* 17 Ohio, 545; *Brown v. Colquitt,* 73 Ga. 59, 54 Am. Rep. 867.)

Such consent may be proved by parol evidence, and it is immaterial whether the consent be given before or after the execution of the deed. (*Speake v. United States,* 9 Cranch, 28, 3 L. ed. 645; *Taylor v. Graves,* 4 Ohio Dec. 107; *Miller v. Williams,* 27 Colo. 34, 59 Pac. 740; *Gunter v. Addy,* 58 S. C. 178, 36 S. E. 553; *Cleaton v. Chambliss,* 6 Rand. (Va.) 86; *State v. Paxton,* 65 Neb. 110, 90 N. W. 983; *Foote v. Hambrick,* 70 Miss. 157, 35 Am. St. Rep. 631, 11 South. 567; *Phillips v. Crips,* 108 Iowa, 605, 79 N. W. 373; *Martin v. Buffaloe,* 121 N. C. 34, 27 S. E. 995; *Schmelz v. Rix,* 95 Va. 509, 28 S. E. 890; *Malaran v. United States,* 1 Wall. 282, 17 L. ed. 594; *Bryant v. Bank of Charleston,* 107 Tenn. 560, 64 S. W. 895.)

SULLIVAN, J.—This action was commenced to recover the sum of $1,000 upon a bail bond executed for the appearance of Ira Baird to answer a charge of felony in the district

court and alleged in the complaint to have been forfeited, by proper order duly made and entered.

The defendant. Ira Baird, was served with summons, but failed to appear in the action. The other two defendants appeared and answered and set up three defenses. In the first, they denied the execution of the bond sued on; in the second, they alleged that before the order of forfeiture was made the state, through its officers, arrested and took into custody the said Ira Baird without the permission of his sureties; and in the third defense, they alleged that the appellants, together with one P. H. B. Moulton, did on the fifteenth day of April, 1904, execute an undertaking for the appearance of said Ira Baird to answer the charge against him in said criminal action in the penal sum of $1,500, and that afterward, and without the knowledge and consent of the defendants, said undertaking was altered and changed by changing the penal sum from $1,500 to $1,000, and by striking out the name of said Moulton as one of the sureties from the body of the bond as well as from the end thereof. and from out the affidavit of justification; and that the said bond so altered is the identical bond sued on; that appellants never assented to said alterations nor agreed to be bound thereby, and never agreed to be bound as sureties for the appearance of said Ira Baird to answer said charge.

Upon the issues thus made the cause was tried by the court without a jury. The court made findings of fact and entered judgment against the appellants for the penal sum of the bond. The appeal was taken from the judgment within sixty days after the entry thereof. Numerous errors are assigned, going to the admission and rejection of certain testimony and the making and failure to make certain findings of fact.

The main contention of the counsel for the defendant is based upon changes by erasure and interlineation made in the bail bond, the original of which is before us. The changes were: 1. The penalty of the bond was reduced from $1,500 to $1,000; and 2. The signature of the surety Moulton, which was appended to the bond at the time it was signed

by the defendants, Ben Baird and Carrol Baird, was subsequently stricken off.

There is some controversy over the date of the filing of the bond. The filing date on the bond is April 15, 1904, while the evidence shows that the alterations were made on the sixteenth day of April, 1904. There evidently was a mistake in the date of filing the bond, as the evidence shows that the bond was not delivered until the sixteenth day of April, 1904.

The defendant Ben Baird testified as follows: "I never at any time after this bond was altered and in its present form, acknowledged to Judge Jeffreys, the committing magistrate, that I executed it."

Carrol Baird testified as follows: "I did not appear before Judge Jeffreys after these changes were made and acknowledged the bond."

Those witnesses further testified that they did not consent to or authorize any alteration in the bond. They further testified that the bond was changed from what it was when they signed it and specified wherein the changes were. One of the defendants testified as follows: "Neither myself nor Ben Baird, in my presence, took part in any conversation with Mr. Feltham in his office, or elsewhere, in regard to any changes being made in the bond, nor the erasure of Mr. Moulton's name."

It is evident from the foregoing that the two defendants in this action expressly deny their consent to any alteration in the bond, and their testimony is unequivocal upon the point that the bond sued upon is not the bond they signed.

Mr. Feltham, who prepared the bond, was a witness for the state and testified that all of the changes and alterations made in said bond were made previous to the delivery of the bond, and either in the actual presence of or by the express direction of the defendants, and with their entire consent. Mr. Feltham testified in part as follows:

"Q. Now, you may state, Mr. Feltham, if you had any conversation with the two defendants in this case relative to reducing that bond from $1,500 to $1,000? A. Yes. At

this evening session at my office this matter was thoroughly discussed, at which were present the defendants, Ira Baird, Carrol Baird and Ben Baird, and Portlock, and I don't know but that Moulton was there part of the time.

"Q. Now, in pursuance of that understanding, state whether that bond was changed from $1,500 to $1,000 before filing, and with the consent of the defendants? A. Yes, sir; it was never filed, so far as I know, until the next day, which was Saturday morning. There was a general understanding among us all at this meeting, at which these two defendants were present, that I was to make an effort to reduce that bond, as it was excessive."

And in regard to striking Moulton's name from said bond, Mr. Feltham testified as follows:

"It was at Pont. Moulton's instructions and the instructions of the others that I struck out Moulton's name. I did this myself. This is all in my handwriting except the phrase 'C. Baird $1,000'; I did not write that in. I think the change referred to in the last answer was Mr. C. Baird's writing; it wasn't mine anyway. This bond is in the same condition as it was when it left my hands."

It will be observed from the foregoing that there is a substantial conflict in the evidence upon the point under consideration, and the testimony of Feltham shows the facts and circumstances of the change, and the testimony of the defendants and Moulton shows that they knew nothing about or ever consented to a change. The court believed the testimony of Feltham and found accordingly, and under the well-established rule in such cases, the finding of the court will not be disturbed upon that point. The law is well settled that a change made by authority or with the consent of a party, or in his presence and with his privity, must be accorded the same effect as if made with his own hand, and the general rule is that a change made with the consent of the parties to the instrument does not avoid it. (2 Cyc. 155.) And consent may be proved by parol evidence. (*Speake v. United States*, 9 Cranch, 28, 3 L. ed. 645.)

Counsel next assigned as error the admission of the bond in evidence, because of its alteration, and cites the case of *Mulkey v. Long,* 5 Idaho, 213, 47 Pac. 949, in support of the contention. This court in that case said: "The party presenting an instrument which upon its face shows that it has been altered is required to explain such alteration, or at least show that it has not been altered since it came to his hands. . . . . We think, therefore, that the exigency of the statute is complied with when the party presenting the instrument in evidence has shown that there has been no alteration therein since it came to his hands."

In this case the state is the party plaintiff presenting the altered instrument, and under the rule laid down in *Mulkey v. Long,* it would be necessary to show that the undertaking was not altered since it came into the hands of the state.

The committing magistrate testified that he had not made any changes or erasures in the bond after it was delivered to him, and the clerk of the court testified that the bond was not changed in any way while it was in his possession, and that he delivered it to the prosecuting attorney. The prosecuting attorney testified that no changes had been made in the bond while in his possession.

It is thus shown that no changes were made in said instrument after it was delivered to the committing magistrate. It is also shown by the testimony of Feltham under what circumstances the bond was changed, and that all such changes were made by and with the consent of the defendants, thus complying with the provisions of section 6030, Revised Statutes, by showing that the alterations were made with the consent of the parties affected by them. There was no error in admission of said bond in evidence.

Counsel for appellant contends that this bond was not acknowledged before the committing magistrate as required by section 8108, Revised Statutes. The actual acknowledgment of said bond by the sureties was before a notary public. Said section of the statute provides that bail is put in by a written undertaking executed by two sufficient sureties and acknowledged before the court or magistrate. It was not

intended by the provisions of that section to prohibit the justification of the sureties before a notary public, if the committing magistrate was willing to approve the bond after it was so acknowledged. Under the provisions of that section, the magistrate may refuse to approve a bond, and ought to do so, if he has any doubt as to the authenticity of the acknowledgment. But in case the committing magistrate approve the bond so acknowledged, the defendants are not in a position to take advantage of that fact as a defense. If a bond is accepted without justification of sureties, the sureties cannot escape liability because of that fact.

It will not be out of place to remark here that the circumstances surrounding the execution of said bond corroborate the evidence of Mr. Feltham, and we think the court was fully justified in finding that the bond was executed by the defendants.

The most serious question before the court involves the error assigned to the effect that the court has failed to find upon the material issues made by the pleadings. The second defense made by the answer was that the state rearrested the defendant, Ira Baird, after said bond was executed, and took him into custody without the consent of appellants. That issue was made by the pleadings and the court should have found upon it. The evidence shows that while the court was in session in October, the sheriff informed the county attorney of the whereabouts of the defendant, and the county attorney replied that he wanted the sheriff to bring him in. The sheriff thereupon sent a man after the defendant, who found him and brought him into court. The rearrest of the defendant having been made an issue and some evidence introduced thereon, the court should have found as a matter of fact whether said defendant had been rearrested without the consent of the appellants.

This court held in *Wood v. Broderson*, 12 Idaho, 190, 85 Pac. 490, that where the court fails to find on all of the material issues made by the pleadings, the judgment will be reversed, unless a finding upon such issues would not affect

the judgment entered; and to the same effect is *Standley v. Flint,* 10 Idaho, 629, 79 Pac. 815.

It is also contended by appellants' counsel that the court failed to find whether the alleged alterations in said bond were made, and if made, whether the appellants acknowledged the bond after its alteration or not, as required by the Penal Code.

We do not think there is anything in this contention, for the reason that by the third finding of fact, the court finds that the defendants did execute the bond set out in the complaint, and inserts in said finding of fact a copy of the bond that was executed, thereby at least inferentially finding that said bond was executed with their full knowledge and consent, and that they consented to the alterations and changes made therein.

The allowance of Thomas Jeffreys, as witness on behalf of the state, fees for 376 miles travel, was assigned as error. It seems that after the cost-bill was filed the appellant took exceptions to said item and moved to retax or tax the costs. The objection to the allowance of said witness' fees and mileage was made on the ground that said witness resides in Utah and his deposition could have been taken at small expense, and that the cost made was unnecessary.

This question was passed upon by this court in *Anderson v. Ferguson-Bach Sheep Co.,* 12 Idaho, 418, 86 Pac. 41. It was there held that a material witness who resided outside of the jurisdiction of the court and who was under no necessity of obeying its process, and who was a voluntary witness, was entitled to have his expenses charged as a part of the costs of the action for the number of miles necessarily traveled within the state in attending the trial. On the authority of that case, the action of the court in taxing said costs must be sustained.

For the reasons herein stated, the cause must be remanded, with instructions to the trial court to set aside the judgment and make a finding of fact upon the issue whether the state rearrested said Baird without the consent of the sureties and prior to the forfeiture of said bond, and to permit

either of the parties to introduce further evidence upon that issue, if they desire to do so; otherwise to make such finding from the evidence taken on the former trial; and after making such finding, enter judgment in accordance with the conclusions of law to be drawn from the findings.

The costs of this appeal are awarded to the appellants.

Ailshie, C. J., concurs.

### ON PETITION FOR REHEARING.

Per CURIAM.—A petition for a rehearing has been filed in this case, and counsel for the appellants urge with commendable zeal and earnestness that under the provisions of section 8108, Revised Statutes, the bail bond sued on this case is absolutely void, for the reason that it was not acknowledged before the court or magistrate accepting it.

We considered that question in the original opinion, and see no good reason for changing our views therein expressed. It is clear to us that the acknowledgment or justification of the sureties is no part of the contract of the sureties to such bail bond, and in no manner affects the liability of the sureties. As we view it, the responsibility of the sureties attaches the moment the bond is accepted by the court or judge, regardless of whether there is an acknowledgment or justification attached to such bond. In *People v. Penniman,* 37 Cal. 271, it is held that the justification to a bond forms no part of the contract of the sureties to such recognizance, and in no manner affects their liability; hence, any defect in the acknowledgment or justification would not release the sureties.

While the notary who took the justification of the sureties had no authority whatever to accept the bond, he had authority to swear. the sureties thereon. Of course, if the notary had accepted the bond and the prisoner had been released, a very different question would be presented, and it is along that line that the authorities cited by counsel for appellant go. But when a court or judge or the person having authority to accept a bail bond accepts one, even with-

Opinion of the Court, on Rehearing.

out any justification of the sureties, the sureties cannot plead that omission as a defense on the action of such bond.

It is suggested that the court in its opinion inadvertently overlooked a portion of the evidence bearing upon the question of the alteration of the bond. We will say that the court went carefully over the evidence and concluded that there is a clear and substantial conflict in the evidence, and for that reason we follow the rule—the well-established rule —in such cases.

It is urged, however, that the cause was tried by the court upon the evidence taken by the stenographer at a former trial, and that the court had no witnesses before it, and for that reason the rule last above stated does not apply herein.

This court has held that that rule did not apply when the trial court heard a case on written or documentary evidence, but it will be observed in this case that the judge who decided this case sat at the former trial and heard the witnesses testify, and no doubt observed their demeanor on the stand, and if that be true, the rule first above stated would apply. However, that may be, we have concluded that a new trial ought to be granted, at which all questions of fact involved in the case can be submitted to a jury.

A new trial is therefore granted and a rehearing denied.