(October 9, 1908.)

## FRANK N. UHRLAUB, Respondent, v. A. J. McMAHON et al., Appellants.

[97 Pac. 784.]

FINDINGS—SUFFICIENCY.

1. Where the trial court fails to find on all the material issues, the judgment will be reversed, unless a finding thereon, either for or against the successful party, would not affect the judgment entered.

2. Where the findings and the decree are not responsive to the case made by the complaint, the judgment will be reversed.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Lyttleton Price, Judge.

An action to recover an interest in a ditch and the water flowing therein. Judgment for Plaintiff. Defendants appeal. *Reversed.*

E. M. Wolfe, for Appellant, cites no authorities.

Alfred A. Fraser, and S. L. Tipton, for Respondent.

It is the duty of the court to give the findings the most liberal construction the language used will justify in order to sustain the judgment found thereon. (*Eastwood v. Standard Mines,* 11 Ida. 195, 81 Pac. 382.)

In equity cases the appellate court will examine the evidence with a view to sustain the trial court in its findings and judgment. (*Small v. Harrington,* 10 Ida. 499, 79 Pac. 461.)

When no error affecting the substantial rights of the defendants appears in the record, the judgment will be affirmed. (*McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67.)

STEWART, J.—Upon the oral argument of this case, counsel for both parties seemed to have great difficulty in enlightening the court as to the nature or character of this

action. The same difficulty appears also in the printed briefs. The trial court, it appears, was also troubled by this same mystery, as shown by the findings and decree.

It is alleged in paragraph 1 of the complaint that in the spring of 1897, and now, the plaintiff is the owner of, and had the use of, a certain flow of water to the extent of 75 miners' inches, under a four-inch pressure, running in an irrigating ditch known as the Vader ditch; in paragraph 2, that the plaintiff was at all times mentioned in the complaint the owner of said real property; in paragraph 3, that the plaintiff, in consideration and ownership of said flow of water running in said ditch, did undertake to widen, enlarge and improve the same by and with the express consent, agreement and permission of L. S. Vader, the then owner of said ditch; in paragraph 4, that by and in accordance with said agreement and contract, the plaintiff acquired an interest in said ditch and the ownership of, and the right to the use of, said certain flow of water running therein, the same being an amount sufficient for all uses in irrigating plaintiff's ranch, comprising fifteen acres of cultivated land, and to furnish plaintiff with water for all household, domestic and mining purposes; in paragraph 5, that since the said spring of 1897, the plaintiff, in compliance with said agreement, has expended upon said ditch the sum of $152, and has otherwise performed his part of all the covenants entered into and undertaken by him in the premises; in paragraph 6, that the defendants claim to be owners of said property, but whatever interest they may have is inferior and subsequent to that of the plaintiff; in paragraph 7, that plaintiff's interest in said ditch and ownership and use of said water and claim to the right and ownership thereof has been continuous and undisputed. Then follows, in other paragraphs of the complaint, allegations to the effect that defendants have shut off the said water belonging to the plaintiff, and by reason of which fact his crops have been injured and he has otherwise sustained damages.

The answer of the defendants denies specifically the allegations of the complaint, and then alleges, not as a further

defense, but as a part of the same defense, that the defendants, the McMahons, are the owners of an undivided half interest in the Vader ditch as constructed upon the lands of the defendant Barnes, and the sole owners of a ditch extending from the Vader ditch to said defendants' land, and the owners and had the use of one-half of the water flowing in said Vader ditch.

Upon the trial of the case, the plaintiff dismissed the cause of action as to damages. The cause was tried to the court and the court made its findings of fact, conclusions of law and entered judgment.

The court finds that the plaintiff has appropriated and used for the irrigation of his land 60 inches of water; that the defendant Barnes has appropriated and used for the irrigation of his land 120 inches of water; that the defendants McMahons have appropriated and used for the irrigation of their land 81 inches of water; that the ditch through the lands of the McMahons is insufficient in places to carry the water necessary for the plaintiff's and the McMahons' land, and that to accommodate the plaintiff and the McMahons, it is necessary to enlarge the ditch through what is known as the "rock cut," and that if the parties do not mutually agree to improve the ditch together, and either of the parties shall undertake to do it, such party shall recover from the others the total expenditure.

The decree follows the findings and decrees that the plaintiff is the owner of 60 inches of water appurtenant to his land; that defendant Barnes is the owner of 120 inches of the waters for use upon the lands owned by him; that the defendants, Thomas I. McMahon and Alvin I. McMahon, are the owners of 81 inches of the waters for use upon their land as described in the pleadings. It is further decreed: "It appearing to the court that to supply waters through the ditch now constructed, for the conveyance of the same, it may become necessary to increase the capacity thereof through what is known as the rock cut, being a short cut through a small ledge of lava rock, that said cut may require enlarging, the parties to this suit may do so at their mutual expense in

proportion to the amount of water hereby adjudicated to them respectively; or either party to this action may do so and recover from the others their proper share of the costs thereof.''

An examination of the complaint shows the action to be for the purpose of determining the plaintiff's right and interest in the waters flowing in the Vader ditch, and also an interest in the said ditch itself, if it states a cause of action for any purpose. The sufficiency of the complaint does not appear to have been challenged. The question of appropriation or prior appropriation is not involved, so far as being made an issue by the pleadings. The plaintiff bases his sole right to recover upon a contract, whereby he was to have a certain interest in the ditch and the waters flowing therein, by reason of his agreement to widen, enlarge, and improve the same, and that in pursuance of said contract, he claims to have expended the sum of $152, and to have otherwise performed upon his part all the covenants entered into and undertaken by him in the premises. The action, therefore, is upon a contract.

The court makes no findings upon the case made by the complaint. No finding is made as to whether the contract set forth in the complaint was ever made or not, or whether or not the plaintiff had performed his part of the contract as alleged in the complaint. The facts upon which the plaintiff relies to recover an interest in the ditch and the water flowing therein are not found. The appeal is from the judgment. Where the judgment is not sustained by the complaint, the cause will be reversed. (*Carson v. Thews,* 2 Ida. 176, 9 Pac. 605; *Davis v. Devanney,* 7 Ida. 742, 65 Pac. 500; *Bryan v. Tormey,* 84 Cal. 126, 24 Pac. 319.) In this case, the findings of the court and the decree entered are not in accordance with the case as made by the complaint. The facts found and the decree entered are entirely foreign to the case made in the complaint.

There is also another recognized rule which this court has had occasion a number of times to pass upon, and that is, that the court is required to find on all the material issues

presented by the pleadings, unless a finding thereon, either for or against the successful party, would not affect the judgment entered. In this case the main issue was the contract set forth in the complaint; whether or not it was made, and whether or not the plaintiff performed the requirements to be by him performed, and upon this the court makes no finding. This was the gist of the action. It was the matter about which the parties were litigating. It was the basis for the right claimed by the plaintiff. A failure to find upon this issue was error. (*Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *State v. Baird,* 13 Ida. 126, 89 Pac. 298; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708.)

The judgment is reversed and a new trial granted. The parties should also be allowed to amend the pleadings so as to properly present the real issue between the parties. Costs awarded to the appellant.

Ailshie, C. J., and Sullivan, J., concur.