(No. 6809. January 28, 1941.)

RALPH CHEESBROUGH, Respondent, v. UTHAN CHEES-
BROUGH JENSEN, Appellant.

[109 Pac. (2d) 889.]

Ariel L. Crowley, for Appellant.

No appearance by or on behalf of respondent.

HOLDEN, J.—December 13, 1938, a decree of divorce was entered in the divorce suit of Ralph E. Cheesbrough against Uthan Cheesbrough. In addition to dissolving the bonds of matrimony, the decree awarded the custody of a minor child, Beverly Anne Cheesbrough, to plaintiff. March 27, 1940, Uthan Cheesbrough, now Uthan Jensen, filed an application for a modification of the decree alleging that "since the rendition and entry of said decree the conditions of the parties hereto have materially changed and the petitioner respectfully prays that said decree be modified by reason of changed conditions," "so as to commit the said minor child, Beverly Anne Cheesbrough, into her keeping." The matter was heard April 22, 1940. Witnesses were called and examined by appellant in support of her application; and while respondent Cheesbrough, plaintiff in the divorce suit, did not appear personally, he appeared by counsel and contested the application. The next day, April 23, 1940, the trial court entered an order denying the application. The appeal, which is not contested in this court by respondent, is from that order.

Appellant contends the court erred in failing to make and enter findings of fact and conclusions of law.

On an application for the custody of a minor child based upon a change of conditions since the entry of the decree, the welfare and best interests of the child are the controlling consideration. (*Ruthruff v. Ruthruff*, 52 Ida. 330, 332, 14 Pac. (2d) 958; *Sauvageau v. Sauvageau*, 59 Ida. 190, 196, 81 Pac. (2d) 731; *Krieger v. Krieger*, 59 Ida. 301, 306, 81 Pac. (2d) 1081.) That involves the trial of a question of fact. Section 7–302, I. C. A., requires that "upon a trial of a question of fact by the court its decision must be in writing. . . . . " The record discloses the trial court made no findings of fact or conclusions of law upon that decisive question.

This court has repeatedly held it is the duty of a trial court to make findings upon each and every material issue upon which proof is offered, and that its failure to do so is ground for reversal. (*Carson v. Thews,* 2 Ida. 176, 179, 9 Pac. 605; *Wilson v. Wilson,* 6 Ida. 597, 604, 57 Pac. 708; *Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416; *State v. Baird,* 13 Ida. 126, 89 Pac. 298; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Uhrlaub v. McMahon,* 15 Ida. 346, 97 Pac. 784; *Jensen v. Bumgarner,* 25 Ida. 355, 359, 137 Pac. 529; *Erickson v. Winegar,* 41 Ida. 1, 236 Pac. 870; *Fairbairn v. Keith,* 47 Ida. 507, 510, 276 Pac. 966; *Bentley v. Kasiska,* 49 Ida. 416, 422, 288 Pac. 897.)

It follows the order must be reversed and the cause remanded with directions to the trial court to take additional evidence, if that be deemed necessary, and make appropriate findings of fact and conclusions of law and enter an order accordingly. No costs awarded.

Budge, C. J., and Givens and Ailshie, JJ., concur.

MORGAN, J., Concurring.—I. C. A., sections 7–302 and 7–303, should be read and considered together in deciding as to the duties of a trial judge to make findings, when deciding questions of fact. The substance of section 7–302 appears in the foregoing opinion of Justice Holden. Section 7–303 is:

"In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."