(February 21, 1887.)

## BOWMAN ET AL. v. AYERS.

[13 Pac. 346.]

FINDINGS THAT DON'T FIND.—Where the findings of fact are not responsive to the material issues, and are so uncertain that they would not warrant a judgment thereon, the case should be reversed. (Syllabus by the court.)

APPEAL from District Court, Ada County.

Brumback & Lamb, for Appellant.

The rule is that full findings are required upon every material issue without any request therefor, and without any exceptions on account of defects. And if any material issue is left unfound, it is ground for reversal of the judgment. (*Knight v. Roche,* 56 Cal. 17; *Brady v. Bartlett,* 56 Cal. 364; (*Bilings v Everett,* 52 Cal. 661; *Cummings v. Peters,* 56 Cal. 597; *Everson v. Mayhew,* 57 Cal. 144; *Packard v. Johnson,* 57 Cal. 379; *Speegle v. Leese,* 51 Cal. 415; *Harris v. Burns,* 51 bell v. *Bachman,* 49 Cal. 367; *N. P. R. R. Co. v. Reynolds,* 50 Cal. 90; *Dowd v. Clarke,* 51 Cal. 263; *Kinsey v. Green,* 51 Cal 379; *Speegle v. Leese,* 51 Cal. 415; *Harris v. Burns,* 51 Cal. 528; *People v. Forbes,* 51 Cal. 628; *Carson v. Thews,* ante, p. 176, 9 Pac. 605.) A judgment based upon findings, which does not determine all such issues, is a decision against law. (*Knight v. Roche,* 56 Cal. 17; *Brady v. Bartlett,* 56 Cal. 364; *Bilings v. Everett,* 52 Cal. 661.)

Huston & Gray, for Respondents.

When the statement does not purport to contain all the evidence, the appellate court will not consider the objection that the findings are not sustained by the evidence. (*Moore v. Tice,* 22 Cal. 513; *State v. Parsons,* 7 Nev. 57; *McLeod v. Lee,* 17 Nev. 104, 28 Pac. 124.) The judgment will not be disturbed unless the appellant shows that the facts found are inconsistent with the judgment. (*Mathews v. Kinsell,* 41 Cal. 512; *Hutchinson v. Ryan,* 11 Cal. 142.) A new trial for failure to find on a particular material issue may be denied if the finding on

such issue could not have changed the result. (*Gates v. Mc-Lean,* 70 Cal. 42, 11 Pac. 489; *Johnson v. Perry,* 53 Cal. 351; *Robinson v. Placerville etc. R. R.,* 65 Cal. 263, 3 Pac. 878.) When material facts are not found, it will be presumed on appeal that they were consistent with the judgment. (*Tweeksbury v. Magroff,* 33 Cal. 237; *Sharp v. Goodwin,* 51 Cal. 219; *San Francisco v. Eaton,* 46 Cal. 100; *Howard v. Throckmorton,* 48 Cal. 482; *Langworthy v. Coleman,* 18 Nev. 440, 5 Pac. 65; *Terry v. Berry,* 13 Nev. 514.)

HAYS, C. J.—This case, tried before the court without a jury, was brought to restrain the defendant from interfering with plaintiffs' water ditch, and for damages for injury to the same. The defendant claims an interest in said ditch. The title to, capacity of and cost of constructing the ditch were all in issue. There was also an issue as to the allegation that the defendant had obstructed the ditch, cut down its banks and flumes, and caused the waters thereof to run to waste. It was also alleged that defendant was committing waste of the waters of said ditch; that he threatened to continue the same, and would, unless restrained by injunction, damage and injure the ditch, which was plaintiffs' property. All of which defendant denied.

The court found that plaintiffs and defendant had each an interest in the ditch, but failed to find the capacity of the ditch, or its cost, or the interest specifically that each party had therein. This became necessary in order to determine whether or not the defendant had taken more water from the ditch than he was entitled to. If the ditch is as large as alleged in the complaint, it must have a carrying capacity of about two thousand inches of water. It is only claimed that defendant drew therefrom seventy-five inches; yet, from anything appearing in the findings, the defendant's interest may have been much greater than the plaintiffs'. How, then, are we to draw our conclusions of law? How can we determine the rights of the parties without these findings? Although there is an allegation of waste, and that defendant threatens to continue the same, and an issue upon this allegation, the court fails to find upon this issue, yet grants an injunction.

It is found in the sixth finding of fact that "in 1883 defend-ant constructed a ditch of his own, bringing water upon his land, and using a portion of plaintiffs' ditch upon or through de-fendant's land. The portion of the plaintiffs' ditch thus used was the part constructed in 1874, and adopted by the new ditch"; yet the court had before found that this ditch, which was con-structed in 1874, was partly owned by the defendant. If the defendant was a joint owner in the old ditch, and the new ditch adopted this old ditch, and enlarged the same, the defendant would still have his interest in the ditch. It might be said, in a sense, that the ditches became commingled by the act of the plaintiffs; but this, certainly, would not devest defendant of his property therein. The conclusions of law and judgment were not warranted by the findings. If the court is correct, in finding 6, we are unable to see why the water which defend-ant, by his industry and enterprise, has brought upon his own land may not be used by him for any useful purposes, as he pleases.

The granting of an injunction restraining the defendant from using this water, except upon his own land, we think was error; the findings also being insufficient.

The judgment is reversed. Case remanded for a new trial.

Buck, J., concurring.

Broderick, J., expressing no opinion.