[No. 13666. In Bank. — July 2, 1891.]

# H. NUTTALL, RESPONDENT, v. EMMA LOVEJOY ET AL., APPELLANTS.

SWAMP AND OVERFLOWED LAND — APPLICATION BEFORE SEGREGATION — INVALID CERTIFICATE OF PURCHASE. — An application for the purchase of swamp and overflowed land, filed prior to the segregation of the land by the United States to the state, confers no right upon the applicant, though it is subsequently approved and a certificate of purchase issued thereon.

ID. — CONTEST — SUITABLENESS FOR CULTIVATION — INCONSISTENT FINDINGS — DECISION AGAINST LAW — NEW TRIAL. — In an action to determine a contest as to the right of several applicants to purchase swamp-lands of the state, where a material issue is raised as to the character of the land, and the court finds that the land was unsuitable for cultivation, but proceeds to find further facts, inconsistent with that finding, and rendering the findings on that point uncertain and contradictory, the decision is against law, and a new trial may properly be granted on that ground.

FINDINGS — FAILURE TO DETERMINE MATERIAL ISSUES — INCONSISTENCY AND UNCERTAINTY — DECISION AGAINST LAW — NEW TRIAL. — Where the findings do not determine all the issues raised by the pleadings with respect to which evidence was introduced, or are so inconsistent and uncertain that it is impossible to tell how a material issue is determined, a new trial may be granted on the ground that the decision is against law.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial, and from an order granting a new trial.

The facts are stated in the opinion of the court.

*N. O. Bradley,* and *G. E. Lawrence,* for Appellant Lovejoy.

*W. A. Gray,* for Appellant Hall.

*Lamberson & Taylor,* for Respondent.

PATERSON, J. — A contest arose in the office of the surveyor-general as to which one of the parties hereto had the better right to purchase the land in controversy, and on March 28, 1888, an order was made referring the contest to the superior court of the county of Tulare for a final determination of the conflicting claims. That court found that the land in controversy was, on September 28, 1850, and ever since has been, swamp and overflowed land, and, as such, became the property of the state. by virtue of the act of Congress passed September 28, 1850; that the land was segregated and set apart to the state of California on October 14, 1884, and on December 1st, following, a certified copy of the township plat, duly approved, was filed with the register of the state land-office; that on December 31, 1883, the defendant Lovejoy filed an affidavit and application in due form for the purchase of the land, in the office of the surveyor-general, which application was approved by said surveyor-general on October 15, 1885; that on December 9, 1885, the register of the state land-office issued and delivered to defendant Lovejoy a certificate of purchase in due form, and said certificate has never been annulled or canceled; that the defendant Hall filed his application in due form to purchase the land, September 9, 1887; that the plaintiff, Nuttall, filed his affidavit and application in due form to purchase the land on January 12, 1888. The defendant

Stevenson made no appearance at the trial, and judg-
ment went against him by default.

The court rendered judgment in favor of the defendant
Hall, and the plaintiff, Nuttall, and the defendant Lovejoy
both moved the court for a new trial. The plaintiff's
motion was granted, and the motion of the defendant
Lovejoy was denied. The defendant Lovejoy appealed
from the judgment, and from the order denying her
motion for a new trial, and the defendant Hall appealed
from the order granting plaintiff a new trial, but did not
appeal from the judgment.

The defendant Lovejoy's application to purchase hav-
ing been filed before segregation by the United States to
the state, no right attached by reason of such application,
nor by reason of the subsequent approval and certificate
of purchase issued to her. (*Buchanan* v. *Nagle*, 88 Cal.
591.) The court therefore properly decided against her
claim, and as no errors of law occurred at the trial, her
motion for a new trial was properly denied.

Her appeal from the judgment is also without merit.
She alleged in her answer that the lands were unfit for
cultivation. The defendant Hall alleged the same thing.
She is the only party who has appealed from the judg-
ment. If the findings show that the land is unfit for
cultivation, she cannot complain; it is a finding in her
favor. If they show that the lands are unfit for cultiva-
tion, it is a finding outside of the issues between her and
the defendant Hall, who has not appealed from the judg-
ment. (*In re Doyle*, 73 Cal. 564; *Bulwer C. M. Co.* v.
*S. C. M. Co.*, 83 Cal. 589.) In any event, a finding as to
the character of the land could in no way affect the right
of the defendant Lovejoy, because, as stated above, no
right could attach by reason of an application filed be-
fore the lands were segregated.

We think the court did not err in granting the plain-
tiff's motion for a new trial. The plaintiff alleged that
he was an actual settler on the land, and that said land

was suitable for cultivation. The findings of the court on the issue as to the character of the land are uncertain and contradictory. The court found that at all times stated the land had been " and yet is subject to periodical overflow, and is not suitable for cultivation"; but afterwards found that the land was formerly a portion of the bed of Tulare Lake, and " was first uncovered by the receding waters of said lake in the summer of 1883, and the waters of said lake rose again and covered said land in the spring of 1884; that ever since the fall of 1884 said waters have been gradually receding, and in the fall of 1887, said land was again wholly uncovered, and since said time such waters have so receded that at the time of this trial they were at least four miles from any portion of said lands; . . . . that the said land is level and of good quality, of sandy loam, and can be readily plowed, seeded, and cultivated by the ordinary processes of tillage; that the defendant, Nuttall, plowed a few acres of said land in March, 1888, and sowed the same with barley and alfalfa; that the land was so dry at that time that, for lack of moisture, but a small portion of the seed then sowed by him germinated, and that portion which did so germinate soon died for lack of moisture, there having been no rain, after said seeds were sown, sufficient to wet up the ground where they were sown; that more than one half of said seed remained in the ground where sown, until the rains came, in the month of November, 1888, when such seed germinated, and the alfalfa and barley plants coming therefrom are now growing on said land; that the country surrounding said lake was formerly used as a vast pasture for the raising of stock, but of recent years it has been entered upon by persons who have broken it up and plowed and farmed the land, and constructed numerous irrigating ditches for the purpose of taking water from the several streams hereinbefore named, and conducting it upon their said lands for the purposes of irrigation, and by such means a great

quantity of the waters of said streams is being each year taken therefrom for said purpose, and conducted upon said lands; that in the year 1862, said year being an exceptionally wet season, the waters of said lake suddenly raised to a great height; and again in the year 1867, said year being an exceptionally wet season, the waters of said lake again suddenly raised to a great height, and should a season again occur such as either the season of 1862 or the season of 1867, the land mentioned in finding 1 would be entirely covered by the waters of said lake, and the numerous ditches leading out of said rivers and creeks, and the large body of land used for agricultural purposes,and irrigated by waters drawn from said streams, would not prevent the sudden rise of said lake and the overflow of said land by the waters thereof."

While the finding of the court that the land is unsuitable for cultivation is the finding of an ultimate fact, it is inconsistent with the other facts found and quoted above, and for this reason, the court below properly set aside the findings, and granted a new trial.

It is claimed that the plaintiff was not entitled to a new trial, on the ground that the decision is "against law," and in support of his contention appellant Hall cites cases holding that a new trial cannot be granted upon the ground that the conclusions of law are not supported by the findings of fact. This may be conceded. The question here is, not whether the court below erred in its conclusions of law, but whether the findings fail to dispose of some material issue. As between the plaintiff and the defendant Hall, the question as to the character of the land — whether it was suitable or unsuitable for cultivation — was a material issue. That issue has not been disposed of, because the findings are so inconsistent and contradictory that it is impossible to tell therefrom whether the land is or is not suitable for cultivation. Where the findings do not determine all the issues raised by the pleadings with respect to which

evidence was introduced, the decision is against law, and a new trial may be granted on that ground. (*Knight* v. *Roche,* 56 Cal. 15; Hayne on New Trial and Appeal, sec. 99.)

The judgment and the orders are affirmed.

McFARLAND, J., HARRISON, J., SHARPSTEIN, J., and DE HAVEN, J., concurred.