(May 22, 1907.)

## JOSEPH BROWN, Respondent, v. CHARLES F. MACEY, Appellant.

[90 Pac. 339.]

FAILURE TO FIND ON ALL THE ISSUES—DECISION AGAINST LAW—NEW TRIAL.

1. Failure to find on all the material issues upon which evidence was introduced is error for which a new trial will be granted.

2. Where a judgment is entered upon findings which do not determine all the material issues raised by the pleadings with respect to which evidence was introduced, the decision is against law, and a new trial may be granted on that account.

3. Where the defendant's answer and cross-complaint present no material and substantial issues, and findings made thereon, whether in favor of or against the contention of the defendant, would not, as a matter of law, alter the judgment, it is unnecessary to make findings thereon, and a failure to do so is not error for which a new trial will be granted.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Frank J. Smith, Judge.

Action by plaintiff upon a promissory note. Answer and cross-complaint in confession and avoidance. Judgment for the plaintiff; defendant moved for a new trial and appealed from the order denying the same. *Order and judgment affirmed.*

Karl Paine, D. C. Nevin and B. S. Varian, for Appellant.

The court failed to find upon all the material issues presented by the pleadings. (*Wood v. Broderson* (Idaho), 85 Pac. 490; *Carson v. Thews*, 2 Idaho, 176, 9 Pac. 605; *Tage's Admr. v. Alberts*, 2 Idaho, 271, 13 Pac. 19; *Bowman v. Ayers*, 2 Idaho, 305, 13 Pac. 346; *Standley v. Flint*, 10 Idaho, 629, 79 Pac. 815; Spelling's New Trial and Appellate Practice, secs. 253, 592.)

"In some states it appears to have been held necessary to specify in the assignment of errors wherein the decision is against law; in other words, that the mere designation of that as one of the grounds is insufficient. But no such construction can be given the section of the California code on the subject, but rather the contrary, according to the doctrine of '*Expressio unius, alterior excludit.*'" (Spelling's New Trial and Appellate Practice, sec. 437.)

Frank Harris, for Respondent.

The court has repeatedly held that it will not consider any assignment of error not raised and urged in the court below, except jurisdictional matters and insufficiency of the pleadings in setting forth a cause of action or defense. (*Medbury v. Maloney,* 12 Idaho, 634, 88 Pac. 81; *Miller v. Donovan,* 11 Idaho, 545, 83 Pac. 608; *Gamble v. Dunwell,* 1 Idaho, 268; *Fox v. West,* 1 Idaho, 782.)

Errors will not be considered in this court where it is shown by the record that the matters complained of were not raised on the motion for a new trial and urged in the lower court. (*Watson v. Molden,* 10 Idaho, 570, 79 Pac. 503.)

There being an appeal from the order denying a new trial, the question as to whether the findings are sufficient to support the judgment or correspond to the issues presented by the pleadings, or what issues the pleadings present cannot be considered upon appeal from an order denying a new trial, but can be considered only on an appeal from the judgment. (*Riverside Water Co. v. Gage,* 108 Cal. 240, 41 Pac. 299; *Schroder v. Pissis,* 128 Cal. 209, 79 Am. St. Rep. 107, 60 Pac. 758.)

AILSHIE, C. J.—This action was commenced by the respondent on the seventeenth day of March, 1905, for the recovery of the sum of $15,000, together with interest claimed to be due on a promissory note executed and delivered by the defendant on June 25, 1902. The defendant answered the complaint and also filed a cross-complaint. By his an-

swer he admits the execution and delivery of the note and sets up a further and separate answer in the nature of a confession and avoidance. He alleges that the note was given in part payment for a mining claim; that at the time of the transaction he paid the sum of $1,000 in cash and executed this promissory note for the balance of the purchase price; that the plaintiff represented that he had good title to the mining claim and that he had advertised his colocators out of the property in accordance with the United States statutes, and that he would furnish the defendant with proof of forfeiture on the part of his colocator, and also proof of advertising him out for failure to contribute his share of the expenses for assessment work. He also alleges that thereafter the plaintiff entered into an additional parol agreement, whereby he was to extend the time of payment until he perfected title. He further alleges by way of cross-complaint that the plaintiff, subsequent to deeding the mining claim, the California Lode, to defendant, conveyed an undivided one-half interest therein to one Simeon W. Ford, and thereby cast a cloud upon defendant's title. That on the first day of August, 1905, the defendant tendered to the plaintiff a deed to all the interest he had received in and to the California Lode claim, and demanded that he be reimbursed the $1,000 paid on the purchase price, and the further sum of $959 expended by him for annual labor and assessment work done on the property and in the endeavor to perfect the title thereto. The plaintiff did not demur to the answer or cross-complaint, but answered the cross-complaint. He alleged that ever since the eighth day of August, 1902, Ford had been ready and willing upon the payment of the note to convey to the defendant all his interest in the mining claim acquired by reason of the deed from plaintiff to Ford, and that the plaintiff had offered and tendered such deed to defendant.

The case went to trial on the issues thus made, and the record contains some fifty printed pages of evidence introduced on these issues. At the conclusion of the trial the

court made and filed his findings of fact and conclusions of law, which are as follows:

"1. That on the fifteenth day of June, 1902, said defendant executed and delivered to the plaintiff the promissory note set forth in the complaint herein.

"2. That said note was executed for and in consideration of a certain mining claim sold and delivered by the plaintiff to the defendant on or about the day said note bears date.

"3. That no part of either the principal or interest of said note has been paid.

"4. That the amount of principal and interest now due and unpaid, according to the terms of said note, is $17,368.-75, lawful money of the United States.

"As a conclusion of law from the foregoing facts, the court finds that the plaintiff is entitled to a judgment for the sum of $17,368.75, in lawful money of the United States, and costs of suit, and it is ordered that judgment be entered accordingly."

It will be seen at once that these findings only covered the allegations contained in the complaint as to the execution and delivery of the note, its nonpayment and the amount due thereon. The defendant moved for a new trial and his motion was denied. He failed to appeal from the judgment but has appealed from the order denying his motion for a new trial. The only error urged in this court for a reversal of the order denying a new trial is that the court failed to find on all material issues made by the pleadings. Plaintiff cites the following cases from this court in support of this contention: *Wood v. Broderson,* 12 Idaho, 190, 85 Pac. 490; *Carson v. Thews,* 2 Idaho, 176, 9 Pac. 605; *Tage's Admr. v. Alberts,* 2 Idaho, 271, 13 Pac. 19; *Bowman v. Ayres,* 2 Idaho, 305, 13 Pac. 346; *Stanley v. Flint,* 10 Idaho, 629, 79 Pac. 815.

Respondent insists that since the appellant failed to appeal from the judgment and has only appealed from the order denying his motion for a new trial, and on motion for a new trial neglected to particularly specify as a ground for new trial that the court had failed to find on all the material issues he cannot now be heard in the appellate court to

urge as error the failure to make such findings. We learn from the record that one of the grounds presented to the trial court for the granting of a new trial is "that the decision herein is against law." This is one of the grounds on which a new trial may be granted as prescribed by subdivision 6 of section 4439, Revised Statutes. This section of the statute was copied from section 657 of the Code of Civil Procedure of California. (3 Deering's Code Civ. Proc., sec. 657.)

The supreme court of California as early as 1880, in *Knight v. Roach*, 56 Cal. 15, considered this question, and held that a failure to find on all the material issues is "a decision against law" for which a new trial may be had. Among other things, the court said: "Whatever else may be meant by the expression 'decision against law,' we think there is no doubt that it includes a case where the decision is based upon findings which do not determine all of the material issues of fact raised by the pleadings." That case has been cited, approved and followed by the California court in *Cummings v. Conlin*, 66 Cal. 403, 5 Pac. 796; *Spots v. Hanley*, 85 Cal. 156, 24 Pac. 738; *Langan v. Langan*, 89 Cal. 186, 26 Pac. 764; *Nutall v. Lovejoy*, 90 Cal. 163, 27 Pac. 69; *Adams v. Helbing*, 107 Cal. 298, 40 Pac. 422; *Haight v. Tryon*, 112 Cal. 4, 44 Pac. 318.

In *Nutall v. Lovejoy*, 90 Cal. 163, 27 Pac. 69, the court said: "Where the findings do not determine all the issues raised by the pleadings with respect to which evidence was introduced, the decision is against law, and a new trial may be granted on that ground." (See, also, 1 Spelling on New Trial and Appellate Practice, sec. 253; 2 Spelling on New Trial and Appellate Practice, sec. 437.) In the later case of *Kaiser v. Dalto*, 140 Cal. 167, 73 Pac. 828, Commissioner Cooper appears to have entertained some doubt as to the correctness of the holding in *Knight v. Roach*, and concluded by observing: "It is sufficient to say that the question is one of practice, and has been so long followed and acquiesced in that we must regard it as settled."

We conclude that where the court enters a judgment upon findings that do not respond to all the material issues, the action of the court in so doing and in failing to find on all the material issues, is "against law," and is a reason that may be properly alleged as a ground for a new trial and may be accordingly considered on appeal. The principal objection urged by respondent to this practice is that appellant should have specifically called the attention of the trial court to the fact that the findings did not respond to all the issues made. An examination of sections 4439 to 4442 discloses that while the law requires that specific assignments be made under several of the subdivisions on which a new trial may be granted, it nowhere requires any specific assignments on the ground that a decision "is against law."

Respondent takes the position that the answer and cross-complaint failed to set up facts sufficient to constitute a defense or cross-action, and that it was therefore unnecessary to make any findings on the issues thus attempted to be raised. It seems rather singular that the defendant should file an answer and cross-complaint, and the plaintiff should answer the cross-complaint and thus raise apparent issues upon which a large body of evidence is introduced, and when it comes to the final submission of the case, the court may decline to make any findings thereon. And yet if the issues thus made are not material and substantial, and do not constitute a defense to the plaintiff's action, then certainly findings thereon could not affect the judgment of the court one way or the other. In other words, whether the court find the allegations of the answer true or false would make no difference in the final judgment entered upon the allegations of plaintiff's complaint. Viewed in this light there would be no error in failing to find upon such issues if in fact they are not material and do not constitute a legal defense to the plaintiff's action. In the case at bar it was admitted by appellant's counsel on the oral argument that the answer and cross-complaint are not sufficient to justify a decree for a rescission of the contract. It was claimed, however, that sufficient facts were pleaded to indicate a de-

fense of fraud which would justify an amendment to the answer and cross-complaint charging fraud in case a new trial should be granted. The defendant has retained possession of the property conveyed and is still in possession thereof—has made an amended location thereof, and so far has neither been evicted nor threatened with eviction. If, on the other hand, he has been damaged, he will have his remedy therefor, but there is no sufficient pleading to justify a recovery on that theory in this action. As for the claim that Simeon W. Ford has title to an undivided one-half interest in the property, defendant can suffer no injury on that account, for the reason that plaintiff has offered and tendered into court a deed from Ford to all his interest; that deed is available to and may be claimed by him as against both Ford and the plaintiff, and is an ample protection to him against all interest or claim that Ford might have in the property, and protects appellant's title as to all such interest or claim. As we view the case, there is no error in the record for which a new trial can be granted. The judgment must, therefore, be affirmed, and it is so ordered. Costs awarded in favor of the respondent.

Sullivan, J., concurs.