Points Decided.

(January 13, 1911.)

## THE BLACK CANYON IRRIGATION DISTRICT, a Corporation, Respondent, v. GEORGE MARPLE, Appellant.

[112 Pac. 766.]

IRRIGATION DISTRICT—ORGANIZATION OF—REGULARITY OF PROCEEDINGS—ATTORNEY IN FACT—SPECIAL SESSION OF BOARD—LOSS OF ORIGINAL ORDER—EVIDENCE—SUFFICIENCY OF.

(Syllabus by the court.)

1. An attorney in fact duly appointed in writing in the name, place and stead of the principal, to sign a petition to the county commissioners for the organization of an irrigation district, has the power and authority to sign such petition for his principal, and the signing of such petition by said attorney in fact will bind the principal as fully and to all intents and purposes as if he had personally signed the same.

2. *Held,* that the special session of the board of county commissioners for the consideration of said petition was properly and regularly called.

3. Where the original order signed by the members of the board of county commissioners calling a special session of the board has been lost, the record copy thereof may be introduced in evidence and is *prima facie* evidence of what the original order contained.

4. Under the provisions of sec. 5979, Rev. Codes, entries in public or official books or records made in the performance of his duty by a public officer of this state or by any other person in the performance of a duty specially enjoined by law are *prima facie* evidence of the facts therein stated.

5. The clerk of the board, under the provisions of sec. 1915, Rev. Codes, is required to enter the order calling a special meeting upon the records of said board, and under the provisions of said sec. 5979 the record copy becomes *prima facie* evidence of the facts stated in such order.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

An action brought under the provisions of sec. 2401, Rev. Codes, to secure the confirmation of the proceedings in con-

nection with the organization of The Black Canyon Irriga-
tion District, a corporation. Judgment confirming such
organization. *Affirmed.*

Smith & Scatterday, for Appellant.

Rice, Thompson & Buckner, for Respondent.

Counsel cite no authorities.

SULLIVAN, J.—This is an action brought under the pro-
visions of section 2401, Rev. Codes, to secure the confirmation
of the proceedings in connection with the organization of The
Black Canyon Irrigation District, a corporation. The action
was commenced in the district court by filing a petition in and
for the county of Canyon. By said petition the plaintiff asked
for a decree of the court, adjudging its incorporation and
organization to be regular and valid. The defendant being
a party in interest as provided by sec. 2402, Rev. Codes,
appeared and filed a demurrer to the petition, which de-
murrer was overruled and an exception allowed. The de-
fendant thereupon filed his answer, putting in issue all of
the material allegations of the complaint. The hearing was
had and proof introduced showing the various steps taken
in the organization and in the completion of the organization
of said district, whereupon the court made finding of facts
and conclusions of law and rendered a judgment approving
and confirming each and all of the proceedings for the organ-
ization of said district and adjudging the same to be regular
and valid. After the judgment confirming the organization
was rendered, a motion for a new trial was made and over-
ruled, and this appeal is from the order overruling the motion
for a new trial and the judgment entered.

The first error assigned is in regard to the admission of
certain powers of attorney, whereby certain parties were con-
stituted and appointed attorneys in fact by the respective
owners of land in said district, to sign the petition for the

organization of said irrigation district. The following is the form used for such power of attorney:

"Know All Men by These Presents: That T. E. Winsor and Emma Winsor of Issoquab, County of King, State of Washington, have made, constituted and appointed, and by these presents do make, constitute and appoint Hugo A. Graef, of Caldwell, County of Canyon, State of Idaho, my true and lawful attorney for me and in my name, place and stead to sign that certain petition to the county commissioners of the county of Canyon, State of Idaho, for the organization of an irrigation district including lands between Boise River and Payette River in Canyon County, Idaho, within what is now known as the proposed Black Canyon Irrigation District and included within the North Side Project of the Payette-Boise Reclamation Project.

"Giving and granting unto my said attorney full power and authority in the above premises to sign said petition for all my lands within said proposed district as fully and to all intents and purposes as I might or could do if personally present.

"Witness my hand and seal this 16th day of May, 1910."

Said powers of attorney were signed and duly acknowledged as transfers to real estate are required to be acknowledged under the provisions of our statute, and it is contended that said powers of attorney simply give authority to sign a petition for the organization of said irrigation district, but do not provide what shall be the boundaries of said district nor the plan of watering the same. There is nothing in that contention. Said power of attorney gives the attorney in fact full power for the principal, and in his name, place and stead, to sign that certain petition to the county commissioners for the organization of an irrigation district, including certain lands between the Boise and Payette rivers in Canyon county, and constitutes what is now known as the Black Canyon Irrigation District within what is known as the North Side Project of the Payette-Boise Reclamation Project. It is presumed that the person who executed said power of attorney fully understood that matter and authorized his

attorney in fact to sign the petition that was presented to the board for the organization of said district. An attorney in fact may be appointed under the laws of this state to do any act in regard to real estate that the owner may legally do, and the owner of land in said district has the authority and power to appoint an attorney in fact to look after his interests in said matter and sign a petition for the organization of said district, which acts would be as valid and binding upon the principal as if he did them himself. The attorneys in fact were therefore legally authorized under said powers of attorney to sign said petition, and their signatures are as valid and binding on those who executed the powers of attorney as though they had signed the petition themselves.

It is next contended that under sec. 2374, Rev. Codes, it is provided that when such petition is presented to the board of county commissioners, said board shall set a time for the hearing upon the same, and that the notice of the time of such hearing shall be published by the board at least three weeks before the time of such hearing in a newspaper, etc. The meeting at which said petition was presented was a special meeting and the original order calling such meeting was not introduced in evidence, said original order having been lost or mislaid, but the fact that such order was made was testified to by several witnesses and was also shown by a certified copy of the records of said board. Said order as spread upon the minutes of the board containing the proceedings of said board is as follows:

"Whereas, George Marple and others have filed a petition with the clerk of the board of county commissioners of Canyon County, Idaho, for the organization of an Irrigation district, and the clerk has given notice that said petition will be presented to the board of county commissioners of Canyon County, Idaho, on the 28th day of June, 1910, at the hour of ten o'clock A. M. of said day; and

"It appearing that it is necessary to have a special meeting of the board of county commissioners of Canyon County, Idaho, on said 28th day of June, 1910, at ten o'clock A. M.

of said day for the purpose of having said petition presented to said board;

"Therefore, it is hereby ordered: That there shall be a special meeting of the board of county commissioners of Canyon County, Idaho, on Tuesday, the 28th day of June, 1910, in order that the petition filed by George Marple and others, and other papers connected therewith for the formation of an irrigation district as in said petition set forth may be presented to the said board of county commissioners of Canyon County, Idaho.

"And the clerk is hereby directed to give five (5) days' public notice of this special meeting, stating the business to be transacted as above specified, as required by law.

"(Signed)     JAS. VANDERDASSEN,
"OTTO G. REINHARDT,
"J. E. KERRICK,

"Board of County Commissioners of Canyon County, Idaho."

Sec. 1915, Rev. Codes, provides, among other things, that the order calling a special meeting must be entered of record, which was done. The record shows that notice of said meeting was given as directed in said order, and the following is an entry made in the minutes of the proceedings of said board, to wit:

"The Board of County Commissioners of Canyon County, Idaho, met in special session, pursuant to the order heretofore made and entered on page 560 of Book 3 of Commissioners' Proceedings of Canyon County, Idaho, to which reference is hereby made."

Under the provisions of sec. 5979, Rev. Codes, it is provided as follows:

"Entries in public or other official books or records, made in  the performance of his duty by a public officer of this state, or by another person in the performance of a duty specially enjoined by law, are *prima facie* evidence of the facts stated therein."

As the order calling the special session of the board was entered on the minute record of the board in compliance with the provisions of said sec. 1915, and was an entry made

by the clerk of said board in the performance of his duty and as provided by said section 5979, it is *prima facie* evidence of the facts stated therein.

The loss of the original order calling said special meeting having been shown, the record copy thereof is *prima facie* evidence of what said order contained, and in this case the record copy was supplemented by the evidence of the clerk of the board of county commissioners and his deputy that said record copy was an exact copy of the original order. And the deputy further testified that she was acquainted with the signature of each of the members of the board of county commissioners and that said order so entered of record was signed by the individual members of said board. This testimony was in no manner contradicted, and was sufficient to establish the fact that an order for a special session had been made as required by law.

It is admitted by counsel for appellant that they find no irregularity in the proceedings except in the two particulars above referred to. We conclude that the proof was conclusive; that the order calling said special meeting of the board was made as required by law, and that all of the proceedings required by law to be taken for the organization of said irrigation district have been complied with and are regular, and that the judgment of the district court approving and confirming said proceedings must be affirmed, and it is so ordered. Costs of this appeal are awarded to respondents.

Stewart, C. J., concurs.