(March 20, 1912.)

## BLACK CANYON IRRIGATION DISTRICT, Respondent, v. JOHN FALLON, Appellant.

[122 Pac. 850.]

IRRIGATION DISTRICT BONDS—CONFIRMATION—FINDINGS OF THE COURT.

(Syllabus by the court.)

1. In proceedings brought under the provisions of secs. 2401, 2402 and 2403 of the Rev. Codes for the purpose of having the district court examine, approve and confirm the proceedings of an irrigation district in authorizing the issuance of bonds of said district, where an answer is filed to the petition for confirmation denying the material allegations of the complaint, the trial court should find on all of the material issues made by the pleadings and upon which evidence is introduced.

2. In such action, however, where no answer is filed and no issue joined upon the material allegations of the petition, a general finding that the different provisions of the statute have been fully and completely complied with, and that all things had been done required by the statute, and that all the allegations in the petition were true, is sufficient to support a judgment of confirmation.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. E. L. Bryan, Judge.

An action to confirm the procedure of an irrigation district in authorizing and issuing district bonds. *Affirmed.*

Smith & Scatterday, and D. D. Harger, for Appellant, cite no authorities.

Rice, Thompson & Buckner, for Respondent.

In all cases tried by the court without a jury, the court should file findings of fact and conclusions of law, upon which to base a judgment, except in cases where the statute otherwise expressly provides. (*Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Olympia Mining Co. v. Kerns,* 13 Ida. 514, 91 Pac.

92; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Emmett Irr. Dist. v. Shane,* 19 Ida. 332, 113 Pac. 444.)

STEWART, C. J.—This is a proceeding brought under the provisions of secs. 2401, 2402 and 2403, Rev. Codes, for the purpose of having the district court examine, approve and confirm the proceedings of the Black Canyon Irrigation District, organized under the laws of this state, in its proceedings authorizing the issuance of bonds of said district in the sum of $7,134,638.05.

An answer was filed to the petition for confirmation by John Fallon, a party interested in said district. In this answer Fallon denies the material facts of the petition; the answer is made upon information and belief. Upon the petition and answer the case was tried to the court and findings of facts and conclusions of law were filed, and a judgment entered thereon as follows:

"That each and all of the proceedings taken by the Black Canyon Irrigation District to secure and provide for and authorize the issuing of the bonds of said district in the sum of Seven Million One Hundred Thirty-four Thousand Six Hundred Thirty-eight and 5/100 Dollars ($7,134,638.05) and affecting the validity of said bonds, up to and including the resolution of the board of directors of said district, declaring that said election in said district for authorizing the issuing of said bonds had been in favor of the issuing of said bonds, and that the bonds of said district were authorized to be issued in said sum, be and the same are hereby approved and confirmed, and that the legal and valid bonds of said district, in the sum of Seven Million One Hundred Thirty-four Thousand Six Hundred Thirty-eight and 5/100 Dollars ($7,134,638.05), were duly authorized to be issued by said district.

"It is further ordered, adjudged and decreed, That the cost of this proceeding be apportioned between the parties thereto."

From this judgment this appeal was taken.

It is conceded by counsel for appellant that the proceedings described in the petition and the court's action in confirming and approving said bonds were strictly in accordance with the provisions of the law governing the same, except that the court erred in making any findings of fact and conclusions of law in the case.   It is the contention of counsel for appellant that in a case of this kind a general finding in the judgment is all that should be made.

The Black Canyon Irrigation District is organized under the laws of this state, and its organization was considered and confirmed by this court in the case of *Black Canyon Irrigation District v. Marple,* 19 Ida. 176, 112 Pac. 766.

Upon referring to the findings made by the trial court, it appears that findings of fact are upon each separate act and step specified by the statute to be taken by the district in authorizing the issue of such bonds, and the holding of an election and the vote and the result.   As a conclusion of law the court found that the bond issue to the amount of $7,134,638.05 has been duly authorized by the qualified electors of the Black Canyon Irrigation District, and that the bonds of said district are duly authorized to be issued in said amount, and that judgment be entered accordingly.   Upon these conclusions of fact and law the court rendered a judgment confirming the proposed issue of bonds.

There seem to be no specific provisions of the statute which require the trial court to find upon each separate fact or step taken in the issuing of irrigation bonds, but sec. 2402 of the Rev. Codes does provide: "The rules of pleading and practice provided by the Code of Civil Procedure which are not inconsistent with this title are applicable to the special proceedings herein provided for.   A motion for a new trial, and all proceedings in the nature of appeals or rehearing, may be had as in any ordinary suit at law."

Applying this rule to the procedure in question, we think it clearly the duty of the trial court to make findings upon the material allegations of the petition for confirmation, put in issue by the filing of an answer, just the same as is required in other civil actions.   In the case of *Brown v. Macey,*

13 Ida. 451, 90 Pac. 339, this court held that the failure to find on all the material issues upon which evidence is introduced is error for which a new trial will be granted, and that where findings are made which do not determine all the material issues raised by the pleadings with respect to which evidence was introduced, the decision is against the law and a new trial may be granted on that account. The court, however, in making findings of fact is not required to find upon allegations which are not in issue or which are not essential to the final determination of the case, and which would in no way affect the judgment to be entered. In such instance a general finding is sufficient to sustain the judgment.

We think, however, in cases of this kind, where an answer is filed and an issue joined upon the material allegations of the petition, the court should find specifically upon each of the statutory requirements prescribed in the procedure required in order to issue such bonds. But in a case where no answer is filed and no issue joined upon the material allegations of the petition, we have no doubt whatever but that a general finding that the different provisions of the statute have been fully and completely complied with and that all things had been done that the statute required, and that all of the allegations in the petition are true, would be sufficient as a finding of fact. In the present case, however, we think that the findings of the court were correct and fully authorized by law, and were not in any way erroneous and fully supported the judgment rendered, and that the judgment in this case should be *affirmed*. Costs awarded to respondent.

Ailshie and Sullivan, JJ., concur.